**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SHAQUALIA K. TAYLOR,

     Plaintiff,

v.                                        CASE NO.

NATIONAL MANAGEMENT
RECOVERY CORP.,

     Defendant.

_____/

**<u>PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

COMES NOW the Plaintiff, SHAQUALIA K. TAYLOR ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL MANAGEMENT RECOVERY CORP. ("Defendant"), alleges and affirmatively states as follows:

**<u>INTRODUCTION</u>**

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**<u>JURISDICTION AND VENUE</u>**

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant is located and conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

5.      Plaintiff is a natural person who resides in South Carolina.

6.      Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7.      Defendant is a national company with a business office located in Coral Springs, Broward County, Florida.

8.      Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Defendant is collecting from Plaintiff on an alleged debt owed to Navy Federal Credit Union in the amount of approximately $3,300.00.

12.     Defendant places collection calls to Plaintiff from blocked numbers and from 866-933-6672.

13.     On or about July 23, 2010, Defendant informed Plaintiff that if she did not pay within 24 hours it would take it up to $9,000.00 of Plaintiff's money.

14.     Plaintiff told Defendant that she was unemployed and could not pay.

15.    Plaintiff requested a debt validation letter from Defendant, and Defendant told Plaintiff that it would send the letter after she sent her payment.

16.    On or about July 26, 2010, Defendant informed Plaintiff that it was "trying to serve" her and asked if she was home.

17.    Plaintiff was told to contact Defendant's representative, Steven Wilson ("Wilson") regarding this matter.

18.    Plaintiff placed a call to the telephone number and was forwarded to Defendant's representative, Eric Frank ("Frank").

19.    Frank informed Plaintiff that if she did not pay the debt, then Defendant would sue her.

20.    Upon information and belief, Defendant has not taken legal action against Plaintiff.

21.    Plaintiff informed Frank that she was unemployed and could not make a payment.

22.    Plaintiff told Frank to stop calling.

23.    Frank informed Plaintiff that he would "call as much as he wanted to and whenever he wanted to."

24.    Frank told Plaintiff to have a "f***ing nice day."

## <u>COUNT I</u>
## <u>DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.</u>

25.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)    Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the

collection of a debt.

b)     Defendant violated *§1692d(2)* of the FDCPA by using language that by natural consequence of which is to abuse the hearer by using profanity in speaking with Plaintiff.

c)     Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d)     Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt.

e)     Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.

f)     Defendant violated *§1692e(5)* of the FDCPA by threatening to take action against the Plaintiff that it did not intend to take.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

26.    Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

27.    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

28.    Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,


By:   /s/ James Pacitti          
        James Pacitti
        Krohn & Moss, Ltd
        10474 Santa Monica Blvd., Suite 401
        Los Angeles, CA 90025
        Phone:  (323) 988-2400 x230
        Fax:     (866) 802-0021
        jpacitti@consumerlawcenter.com
        Attorney for Plaintiff
        FBN: 119768


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHAQUALIA K. TAYLOR, hereby demands trial by jury in this action.

(STATE OF SOUTH CAROLINA)

        Plaintiff, SHAQUALIA K. TAYLOR, says as follows:

1.     I am a Plaintiff in this civil proceeding.
2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


        Pursuant to 28 U.S.C. § 1746(2), I, SHAQUALIA K. TAYLOR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/25/2010

                                 *Shaqualia Kitchens Taylor*
                                 SHAQUALIA K. TAYLOR,
                                 Plaintiff